Reports Presented.
January 11, 1867.
Mr. Chamberlain, from the majority of the committee on privileges and elections, to which was referred the petition of S. Baker, con *402 testing the seat of lion. L. H. Gregory, reported thereon in writing, and recommended the adoption of the following resolution :
Hesolved, That Stephen Baker is entitled to the seat held and now occupied by Lewis il. Gregory, and that said Gregory, who is properly the contestant, have the privilege of contesting the same.
Mr. W. S. Clark, from the minority of said committee, reported in writing adversely to the prayer of said petitioner.
The question being upon the adoption of the majority report,
Mr. Weed moved that the majority and minority reports of the committee on privileges and elections, in the case of the seat of lion. Mr. Gregory, contested by Col. Baker, be laid upon the table, and that said reports, with the proceedings before the committee, be forthwith printed and placed upon the files of the members of this House.
Mr. Speaker put the question whether the House would agree to said motion, and it was determined in the affirmative.
Assembly Journal, 1867, page 79.
Repoets oe Minority and Majority.
Assembly Chamber, Jcmuary 15, 1867.
Mr. Chamberlain called from the table the report of the committee ' on privileges and elections, in the words following, to wit:
Report oe the Committee on Privileges and Elections relative to the Seat now held by Lewis Ii. Gregory, oe Phtnam County. — Majority Report.
The committee on privileges and elections, to which was referred the petition of Stephen Baker, Esq., claiming the seat in the Assembly now held and occupied by Lewis H. Gregory as member of Assembly for the county of Putnam, would most respectfully report:
That the committee met in the city of Albany on. the 9th day of January, 1867, and, that the said contestant appeared in person, and with counsel, Waldo Hutchings, Esq.
The sitting member also appeared in person, with his counsel, Ira Shafer, Esq.
That from the returns of the board of canvassers of the county of Putnam, the following facts appeared, to wit:
That the whole number of votes cast for member of Assembly in the county of Putnam was two thousand seven hundred and thirty (2,730), of which Stephen Baker received one thousand three hundred and sixty (1,3.60); Lewis H. Gregory received one thousand *403 three hundred and sixty-four (1,364); Ool. Baker received one (L).; S. Baker received five (5).
In view of these facts, the committee are of the opinion that the five votes cast for S. Baker should be allowed to Stephen Baker, and that the return of the board of canvassers of said county of Putnam shows, upon its face, that Stephen Baker was duly elected member of Assembly for said county, and they therefore recommend the adoption of the following resolution:
Resolved, That Stephen Baker is entitled to the seat held and now occupied by Lewis Ii. Gregory, and that said Gregory, who is properly the contestant, have the privilege of contesting the same.
L. H. HISCOCK.
W. B. CHAMBERLAIN.
ABRAHAM HOFFMAN.
Mihobity Report.
The undersigned, the minority of your committee on privileges and elections, to which was referred, with others, the case of Stephen Baker, contestant of the seat of Hon. Lewis II. Gregory, of Putnam county, respectfully state, that at an adjourned meeting of said committee, held on the evening of January 9th, inst., to settle the preliminary proceedings in said matter, the majority of said committee arrived at a conclusion, from which, and the report of said majority, they respectfully^ dissent, for the reasons following :
First. That by the certified return of the county canvassers of Putnam county, presented to your committee by counsel for the contestant, Stephen Baker, it appears that said canvassers, upon an estimate of the votes returned for the office of member of Assembly in said county, determined that the number of votes cast for Hon. Lewis H. Gregory was one thousand three hundred and sixty-four; that the number of votes cast for Stephen Baker, the contestant,, was one thousand three hundred and sixty, and that the number of votes cast for S. Baker was five; which is evidence to the undersigned that said canvassers determined that said five votes were not votes for Stephen Baker, the contestant, and that said five votes ought not, therefore, in the absence of proof, be allowed to said Stephen Baker, contestant.
Second. It appears upon an examination of the certified canvass of the votes cast at the late election in the town of South-east, in said county of Putnam, that the whole number of votes cast for Gover *404 nor in said town was five hundred and six; and that the whole number of votes cast for member of Assembly in said town, including the five S. Baker votes, was five hundred and seven; making the aggregate number of votes cast for member of Assembly in said town, exceed the aggregate number of votes cast for Governor in said town by one vote.
Third. The lion. Lewis H. Gregory, by. his counsel, denied both ■'..he sufficiency and the accuracy of said certificate of the county canvassers of said county, and offered to show, by competent evidence, that four of said votes for S. Baker were corrected and allowed the contestant, Stephen Baker, in the canvass of the votes given in said town of South-east, and were included in the number of votes returned for Stephen Baker, contestant, to the county canvassers by the board of inspectors of election in said town of South-east; also to show, by competent evidence, that in said county one illegal vote was cast for said contestant, and that in the canvass and estimate of the votes cast for member of Assembly in said county, said illegal vote was counted and allowed to the said contestant; also, to prove that in said county one legal vote cast for said Hon. Lewis H. Gregory was rejected, and not allowed said Gregory in the estimate and canvass of votes returned cast for said Gregory ; all of which proof, in the opinion of the undersigned, should have been received and examined by the committee before making its award.
Fourth. It seems, to the'undersigned, that the award of the seat to the contestant, Stephen Baker, with the right or leave to the said Lewis II. Gregory to contest the same is, in the face of the offered evidence, a conclusion altogether anomalous and unauthorized by precedent, and- tending not only to complicate the question, but to embarrass both the House and the committee by necessitating both' to sit ip judgment upon their own decisions.
The undersigned, therefore, beg leave to report that, in their judgment, the whole question, with all the issues between the said Stephen Baker, contestant, and Hon. Lewis II. Gregory, should be recommitted to your committee for their examination and determination upon the evidence which may be adduced before it under the above offer, together with such additional evidence as shall be gei1-main to the issue.
¥M. S. CLARK.
THOS. J. CREAMER.
Dated Albany, Ja/rdy 10, 1867.
Assembly Document, 1867, volume 1, Ho. 12.
*405 Mr. Millspaugh moved to substitute the minority report of the committee for that of the majority. Debate ensued.
Assembly Chamber, January 16iA, 1867.
Mr. Speaker put the question, whether the House would agree .to said motion of Mr. Millspaugh, and it was determined in tire negative.
Ayes, 43. Noes, 77.
STEPHEN BAKER AWARDED SEAT.
Mr. Speaker then put the question whether the House would agree to said majority report, and it was determined in the affirmative.
Ayes, 73. Noes, 41.
Mr. Speaker announced that the majority report of the committee on privileges and elections having been adopted, Stephen Baker was duly entitled to the seat now occupied by Hon. Lewis H. Gregory.
Whereupon, Mr. Stephen Baker appeared in the Assembly chamber, and the constitutional oath of office was administered to him by the Speaker.
Assembly Journal, 1867, vol. 1, pages 102-105.
Petition of Lewis H. Gregory Presented-.
Assembly Chambee, Jardy 17, 1867.
Mr. Millspaugh presented the petition of Lewis H. Gregory ot Putnam county, contesting the seat for member of Assembly now held by the Hon. Stephen Baker, which was read and referred to the committee on privileges and elections.
Assembly Journal, 1867, page 120.
TESTIMONY ORDERED PRINTED.
Assembly Chamber, March 5, 1867.
By unanimous consent, on motion of Mr. Hiscock :
Resolved, That the clerk be directed to have the testimony taken before the committee on privileges and elections, in the matter of the election of Stephen Baker as member of Assembly from the county of Putnam, contested by Lewis H. Gregory, printed forthwith and placed upon the files of the Assembly.
Assembly Journal, 1867, page- 523. See testimony, Assembly Documents 1867, vol. 6, No. 105.
*406 Report oe Committee Pbesented.
Assembly Chambee, April 20,1867.
Mr. Chamberlain, presented the report of the committee on privileges and elections in case of Lewis EL Gregory, contested by Stephen Baker, which was laid on the table and ordered printed.
Report of the Committee on Pbivileges and Elections in the Case of Lewis Ii. Gbegoky, Contestant of this Seat held by Stephen Bakes.
The committee on privileges and elections, to which was referred the petition of Lewis H. Gregory, Esq., claiming the seat in the Assembly now occupied by Stephen Baker, as a member of Assembly from the county of Putnam, which petition is hereunto attached, most respectfully report, that on the fifteenth day of January, 1867, the committee met pursuant to adjournment, at the Capitol, in the city of Albany, and decided that the contestant should serve upon the sitting member, before the next meeting of the committee, a statement of the grounds upon -which lie claims the seat of the sitting member, and the name of all voters claimed to be illegal; and- that the sitting member serve a like statement upon the contestant; both the sitting member and the.contestant complied with this requisition of the committee, and on the meeting of the committee, held January 22d, it was agreed by and between the respective parties that the investigation should be confined exclusively to the question of the disposition of the five S. Baker votes, and that no evidence should be given during the hearing touching any other question. The parties not being ready to examine witnesses, the committee adjourned to the twenty-seventh of February, and on that day proceeded to a hearing of- the evidence. It appears from the return of the inspectors of the town of South-east, that the whole number of votes given for member of Assembly in said town, wa.s five hundred and seven (507), of which Stephen Baker received two hundred and seventy; Lewis IT. Gregory two hundred and thirty-two ; and S. Baker received five (5). The contestant claims that the five S. Baker votes were counted and included in the two hundred and seventy accredited to Stephen •Baker; upon this, the only question in controversy, your committee examined the inspectors of election of the town of South-east, the clerks who officiated at the said election, and several other witnesses who stood by while the vote was being counted; and your committee, after a careful examination of the evidence, are of the opinion that *407 the return of the inspectors of the town of South-east, and the return of the board of canvassers of the county of Putnam are true; that the five S. Baker votes were not counted and allowed to Stephen Baker, and your committee are clearly of the opinion that the five S. Baker votes should have been counted for Stephen' Baker, and that had this allowance been made, it would have given Stephen Baker a majority of one over all other candidates; and your committee therefore recommend the adoption of the following resolution:
Resolved,, That Stephen Baker was duly elected member of Assembly from the county of Putnam, at the last general election, by a majority of all the votes cast for member of Assembly in said county at said general election, and that he is therefore entitled to retain the seat in the Assembly now held by him.
W. R. CHAMBERLAIN.
¥1. S. CLARK. •
L. H. BIBCOCK.
THOS: J. CREAMER.
A. HOFFMAN.
Assembly Documents, 1867, volume 4, No. 80. Assembly Journal, 1867, page 1820.